UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JOE LEWIS HARRIS, III,**

    **Petitioner,**

v.   Civil Action No. 2:18-cv-105

**HAROLD W. CLARKE, Director,
Virginia Department of Corrections,**

    **Respondent.**

### REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Joe Lewis Harris, III's ("Petitioner"), Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1 ("the Petition"), and the Respondent's Motion to Dismiss, ECF No. 8. The Motion was referred for disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 8, be **GRANTED**, and the Petition, ECF No. 1, be **DISMISSED with PREJUDICE.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is current serving a thirty-two year sentence for a conviction of first degree murder in violation of Virginia Code § 18.2-32 and a ten year sentence for a conviction of malicious wounding in violation of Virginia Code § 18.2-51 being served concurrently in the Virginia Department of Corrections ("VDOC") pursuant to a final judgment of the Circuit Court

1

for the County of Powhatan, Virginia ("Trial Court") entered on February 10, 2012. ECF No. 10 at 1. Petitioner entered into a Plea Agreement, ECF No. 10, attach. 3, and pled guilty on October 14, 2011, ECF No. 10, attach. 1. The Trial Court found Petitioner "fully understood the nature and effect of his pleas and of the penalties that may be imposed upon his conviction and of the waiver of trial by jury and of appeal" and that Petitioner's "pleas were voluntary and intelligently made" and further found Petitioner "guilty of #00-first degree murder (VA Code Sec. 18.2-31), and of #02-malicious wounding (VA Code Sec. 18.2-51) as charged." *Id.*, attach. 1 at 2. Petitioner was represented by Theresa J. Gryder-Royall ("Defense Counsel"). According to the October 13, 2011 Affidavit in Support of Information, ECF No. 10, attach. 4, by Lieutenant Kevin Wolfe, investigator with the Powhatan County Sheriff's Office, the facts underlying Petitioner's guilty plea are as follows:

> 2. On May 3, 2011, Joe Lewis Harris, III, drove to a secluded area in Powhatan County, Virginia along Old Confederate Cemetery Road. With Harris were two accomplices, as well as the two victims, Dante Holloway and Jerry Wilkerson.
> 3. All five individuals were members of the "Bloods" street gang.
> 4. Defendant's purpose in driving to Powhatan was to kill Holloway because of an internal dispute within the Bloods gang.
> 5. Upon arrival on Old Confederate Cemetery Road, the five individuals including [Petitioner], exited [Petitioner]'s vehicle. After walking a short distance, [Petitioner] produced a pistol and fired a shot into the back of Holloway's head, killing him.
> 6. [Petitioner] then shot Wilkerson. Wilkerson attempted to escape, but was subdued by [Petitioner]'s accomplices. Defendant then shot Wilkerson several more times.
> 7. Despite being shot four times, Wilkerson survived and identified defendant as his assailant.

*Id.*

Petitioner neither appealed his conviction nor sought further review by a higher state court. ECF No. 1 at 3 (responding "No" to the questions of "Did you appeal from the judgment of conviction?" and "Did you seek further review by a higher state court?"). Petitioner also has

2

not filed a habeas petition in state court. *Id.* at 4 (responding "No" to the question of "Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?").

On February 23, 2018, approximately five years after Petitioner was sentenced, Petitioner filed his Petition for federal habeas relief, wherein he alleged the following grounds:

> Ground One: Trial Counsel was ineffective for leaking to the media via email the names of the attorneys who represented Petitioner's co-defendants.
>
> Ground Two: Richmond Police Department Detective Christina K. Kenney and Powhatan Count Sheriff's Office Detective Michael Wentworth violated Petitioner's due process rights when they physically coerced Petitioner's confession.
>
> Ground Three: The arrest warrants for Petitioner were invalid because the magistrate's signature on each was a print-out, not original, and therefore void, the issuance of which violated Petitioner's due process rights.

*Id.* at 6-17. Petitioner also appended to his Petition several news articles (in support of Ground One), three discs with video of Petitioner's interrogation and confession (in support of Ground Two), and several warrants (in support of Ground Three). ECF No. 1 at 24-68.

On April 16, 2018, the Court issued a Show Cause Order, directing Petitioner to show cause why the Petition should not be dismissed for failure to exhaust state court remedies. ECF No. 3. Petitioner filed a response to the Court's Order on May 11, 2018. ECF No. 4. Therein Petitioner conceded that "I have not exhausted all state remedies" and further stated "the fact remains there are exceptions to the rules of law." *Id.* at 3. Petitioner claimed that he feared that a state petition would result in destruction of evidence, specifically the destruction of the video evidence[1] of his interrogation which he argued shows that the confession he gave during interrogation was the result of physical coercion. *Id.* Affording *pro se* Petitioner the benefit of

---

[1] Petitioner appended three DVDs to his Petition in support of his argument of why the Court should excuse his failure to exhaust his state court remedies.

3

liberal construction, the Court interpreted Petitioner's argument to be that the circumstances of his case are such that Petitioner's failure to exhaust state remedies and the resulting procedural default of his claims should be excused because of the fundamental miscarriage of justice Petitioner has allegedly suffered. Although not directed by the Court's Order, Petitioner also attempted to address his lateness in filing, stating that "the legality of the prisoner's detention under the Fourteenth Amendment right to due process, rather than guilt or innocence, is [sic] the facts focus of the writ of habeas corpus. . . . Justice Scalia . . . recently explained, 'It would be marvelously inspiring to be able to boast that we have a criminal-justice system in which a claim of actual [innocence] will always be heard, no matter how late it is brought forward.'"[2] ECF No. 4 at 9-10.

On June 8, 2018, the Court entered an Order directing Respondent to file an answer to the Petition. ECF No. 5. Therein, the Court noted that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year limitations period for filing federal petitions for a writ of habeas corpus, and that under AEDPA a petitions should be dismissed if filed more than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. *Id.* at 2-3 (citing 28 U.S.C. § 2244(d)(1)(A)-(D)). The Court directed Respondent, in his Answer, to specifically address the untimeliness of the Petition[3] and "whether Petitioner has

---

[2] Interestingly, Petitioner does not claim "actual innocence," but does express his hope that he be found innocent as a result of the Petition. ECF No. 4 at 3-4.
[3] In its Order, this Court observed that Petitioner's state criminal convictions became final on March 10, 2012, one month after his February 10, 2012 sentencing. ECF No. 5 at 3. The Court further observed that the Petition was not received by the Court until February 23, 2018, 1810 days or four years, eleven months, and twelve days past the one-year AEDPA deadline, which expired on March 11, 2013. *Id.*

4

sufficiently excuse such untimeliness, as well as whether Petitioner has demonstrated his apparent failure to exhaust his state court remedies should be similarly excused." *Id.* at 4.

On July 9, 2018, the Attorney General of Virginia, on behalf of Respondent, timely filed a Motion to Dismiss and Rule 5 Answer as well as a supporting memorandum. ECF No. 8-10.[4] Pursuant to the Court's Order, Petitioner had twenty-one days from receipt of Respondent's answer to file a reply. ECF No. 5. The Court further advised Petitioner that should Petitioner fail to reply to Respondent or fail to send a complete copy of his reply to Respondent that the Court would dispose of the Petition on the papers already filed. *Id.* at 4. Petitioner has failed to reply to Respondent's Motion to Dismiss and Rule 5 Answer and the time to do so has expired. Accordingly, this matter is ripe for recommended disposition.

## II. ANALYSIS

A. <u>Exhaustion and Procedural Default</u>

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner appropriately exhausted the claims asserted in the Petition, and/or whether Petitioner has procedurally defaulted on his claims such that these claims are simultaneously exhausted and defaulted for purposes of federal habeas review.

*1. Exhaustion*

Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief to give "state courts the first opportunity to consider alleged constitutional errors occurring

---

[4] ECF Nos. 8 and 9 are both identical copies of Respondent's Motion to Dismiss and Rule 5 Answer. ECF No. 10 is Respondent's Brief in Support of Rule 5 Answer and Motion to Dismiss.

in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd in Pruett v. Thompson*, 996 F.2d 1560 (4th Cir. 1993). "Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody v. Dir., Va. Dep't of Corr.*, 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 669 F. App'x 160 (4th Cir. 2016) (citing *Duncan v. Henry*, 513 U.S. 364 (1995)).

  *2. Procedural Default*

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. As the Fourth Circuit has explained, the procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* at 619 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)); *see also Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) ("A federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.' . . . A federal

court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice." (internal citations omitted) (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)). As the Supreme Court recently observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)).

Additionally, a petitioner seeking federal habeas relief also procedurally defaults his claims when he "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1). When considering a petition for federal habeas corpus, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief and that the procedural rule relied on is an independent and adequate state ground for denying relief. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (explaining that "an adequate and independent state procedural bar to the entertainment of constitutional claims must have been 'firmly established and regularly followed' by the time as of which it is to be applied") (citing *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)).

Absent a showing of cause for the default and prejudice or a fundamental miscarriage of justice (such as actual innocence), this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989); *see also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (explaining that "a petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and

prejudice for the default, or that a miscarriage of justice would result from the lack of such review") (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick*, 443 F.3d at 366 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also Davila*, 137 S. Ct. at 2065 ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner." (quoting *Coleman*, 501 U.S. at 753)). "This requires a demonstration that 'the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Hedrick*, 443 F.3d at 366 (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)). "Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke*, 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996)).

### 3. Petitioner Failed to Exhaust His Claims

In his response to the Court's Show Cause Order, Petitioner concedes that he has "not exhausted all state remedies." ECF No. 4 at 3. Respondent agrees and argues that Petitioner's claims are simultaneously exhausted and procedurally defaulted because Petitioner failed to exhaust available state court remedies and the time for doing so has expired. ECF No. 10 at 5-6. It is uncontested that Petitioner has failed to exhaust his state court remedies or file his Petition timely.

8

*4. Petitioner's Failure to Exhaust or Timely Petition Grounds One and Three is Not Excusable*

Despite the apparent agreement by the parties that Petitioner's claims were not exhausted in state court and are untimely, Petitioner argued in his Response to the Show Cause Order that the Court should excuse Petitioner's procedural shortcomings. ECF No. 4. "[A] petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review." *Sparrow*, 439 F. Supp. 2d at 588 (citing *Coleman*, 501 U.S. at 750; *Savino*, 82 F.3d at 602). Per the Court's earlier liberal construction of *pro se* Petitioner's argument, Petitioner essentially contended in his Show Cause Response that the resulting procedural default of his claims should be excused because of the fundamental miscarriage of justice he has allegedly suffered. ECF No. 4 at 3.

Respondent argues that Petitioner's Show Cause Response addresses cause only as it relates to Ground Two, Petitioner's due process claim that detectives physically coerced his confession, and does not assert any cause to excuse Petitioner's lateness in raising Grounds One and Three. ECF No. 10 at 5-6. Respondent contends that because Petitioner "did not respond to this Court's order to show cause as to Claims 1 and 3, and because cause does not exist to excuse [Petitioner]'s failure to exhaust state remedies, this Court should find that [Petitioner]'s failure to exhaust conclusively bars those claims." *Id.* at 6-7. Respondent is correct that Petitioner did not assert cause for his failure to exhaust his state court remedies as it relates to Grounds One and Three in his Show Cause Reply nor did Petitioner respond to Respondent's Motion to Dismiss, a missed opportunity to address any previously-omitted cause. Therefore, the Court **FINDS** Petitioner has shown no cause that would excuse his failure to exhaust or file timely Grounds

9

One and Ground Three. Accordingly, the undersigned **RECOMMENDS** that Ground One and Ground Three be **DISMISSED**.

*5. Petitioner's Failure to Exhaust or Timely Petition Ground Two is Not Excusable*

"Generally, a federal court may not consider claims that a petitioner failed to raise at the time and in the manner required under state law." *Teleguz v. Zook*, 806 F.3d 803, 807 (4th Cir. 2015). However, there exist two narrow exceptions to this rule. The Court may consider the merits of Ground Two of the Petition only if Petitioner "is able to [(1)] demonstrate cause and prejudice for the default or [(2)] demonstrate that failure to review the claim[] will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, 2010 WL 5825427, at *3 (citing *Coleman*, 501 U.S. at 750; *Savino*, 82 F.3d at 602).

In response to the Court's Show Cause Order, Petitioner argues that the cause for his failure to exhaust was because:

> I feared that if I were to have sent the state the petition and [video] evidence provided, that for some strange and bizarre reason it would have came [sic] up missing, then all of my dreams, and my family [sic] hopes and dreams of me being declared an innocent man would have vanished with the tape and the petition. They (the state) didn't play fair when it came to procedures and my Due Process right so I knew from experience that I had to do what I felt best. Liberty & Justice [sic] would have fallen short if I didn't step up. The state had already cross [sic] the line more then [sic] once in my case, and I didn't plan on giving them another shot.

ECF No. 1 at 3-4.

First, the Court may excuse Petitioner's failure to exhaust if Petitioner can " demonstrate cause and prejudice for the default." *Edwards*, 2010 WL 5825427 at *3. "In order to show 'cause' for the default, [Petitioner] must establish 'that some objective factor external to the defense impeded his efforts to raise the claim in state court at the appropriate time.'" *Breard*, 134 F.3d at 619 (citing *Murray*, 477 U.S. at 488). "The following objective factors may

10

constitute cause: '(1) interference by officials that makes compliance with the State's procedural rule impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available to counsel; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.'" *Ensley v. Johnson*, 2011 WL 6695004, at *5 (E.D. Va. Dec. 21, 2011) (quoting *Wright*, 151 F.3d at 160 n.5). Petitioner's reason is insufficient to meet the cause exception because it is not an "objective factor external to the defense" that "impeded his efforts" to exhaust his claims in a state habeas petition. *Breard*, 134 F.3d at 619 (citing *Murray*, 477 U.S. at 488). Petitioner's fear appears to be purely subjective and internal; and Petitioner offers no external cause that has prevented him from first seeking state court relief. Furthermore, Petitioner does not state any factual basis, beyond general mistrust, to support his belief that filing a state habeas petition, rather than a federal habeas petition, would have caused the video evidence of his interrogation to be susceptible to misplacement or loss. Thus, Petitioner has failed to demonstrate good cause for his failure to exhaust his state court remedies. *See Brown v. Lee*, 319 F.3d 162, 169-170 (4th Cir. 2003) (citing *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001)).

Second, the Court may excuse Petitioner's failure to exhaust if Petitioner is able to "demonstrate that failure to review the claim[] will result in a fundamental miscarriage of justice." *Edwards*, 2010 WL 5825427 at *3. "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999); *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (explaining that a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits"). Petitioner has not argued with

any specificity that he meets the miscarriage of justice exception to the exhaustion requirement. He has not declared he is innocent, although he alludes to it in conclusory terms. *See* ECF No. 4 at 4, 10 ("all of my dreams, and my family [sic] hopes and dreams of me being declared an innocent man would have vanished. . . . I assure you the claims I addressed within my federal habeas, and to you today are not frivolous grounds, but will without a reasonable [sic] of doubt prove my innocence"). However, this "exception only applies in limited circumstances: 'The petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *United States v. Jones*, 750 F.3d 579, 584 (4th Cir. 2014) (quoting *Schulp v. Delo*, 513 U.S. 298, 327 (1995)). To state such a claim, "the petitioner must satisfy a 'rigorous' burden by 'support[ing] his allegations of constitutional error with new reliable evidence.'" *Smith v. Warden*, 2017 U.S. Dist. LEXIS at *4 (W.D. Va. June 26, 2018) (alteration in original) (quoting *Schulp*, 513 U.S. at 324).

Regarding timeliness, Petitioner attempts to address his delay in filing a habeas petition in response to the Court's Show Cause Order, arguing that exceptions should apply. ECF No. 4 at 9-10. While it is true that narrow exceptions exist, Petitioner has given no reason for his tardiness nor does he argue that his failure to timely raise "allegations of constitutional error" is based on "new reliable evidence." *See Schulp*, 513 U.S. at 324. To the contrary, Petitioner experienced firsthand the interrogation and the behavior of the detectives that give rise to what he alleges in Ground Two was a coerced confession. Thus, Petitioner has failed to state a basis for filing his Petition untimely. Additionally, even if the Court were to consider Ground Two on the merits—or even further, ruled in Petitioner's favor on the merits—this would not constitute a basis for overturning Petitioner's conviction. Petitioner waived his right to trial, entered a guilty plea, and was sentenced. ECF No. 10, attachs. 1, 3. Petitioner does not now argue that his plea

of guilt itself (as opposed to his confession) was in any way involuntary, invalid, or only entered into as a result of the alleged coerced confession. Therefore, Petitioner has failed to demonstrate by clear and convincing evidence that a miscarriage of justice would occur if the Court declined to reach the merits of Claim Two. Further, even if the Court were to find that Petitioner's confession was coerced, Petitioner does not argue, and the record does not reflect, that there otherwise would have been insufficient evidence to establish his guilt, let alone that he was actually innocent of the charges against him. Moreover, Petitioner's challenge to his confession is not "new evidence" and the absence his confession would not make it "more likely than not that no reasonable juror would have convicted him,'" *Jones*, 750 F.3d at 584 (quoting *Schulp*, 513 U.S. at 327), as there appears significant other evidence to support his conviction, most notably the testimony of Petitioner's surviving victim, Mr. Wilkerson, and testimony of co-defendants.[5] Thus, the undersigned **FINDS** that Ground Two is simultaneously exhausted and defaulted, without any demonstration of cause for Petitioner's failure to exhaust or evidence of actual innocence to prevent a miscarriage of justice. Accordingly, the undersigned **RECOMMENDS** that Ground Two be **DISMISSED**.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED AND DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

---

[5] The Court does not have the benefit of knowing what tangible or documentary evidence exists to support Petitioner's conviction as the Commonwealth was not required to prove Petitioner's guilt to a jury as a result of Petitioner's plea of guilty.

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
November 5, 2018